ANTHONY S. EARL, Secretary Department of Natural Resources
You state that the United States Environmental Protection Agency has requested that the Department of Natural Resources (hereinafter "the Department") obtain from me an opinion as to whether the Department has the authority under state law to issue Wisconsin Pollutant Discharge Elimination System (hereinafter *Page 53 
"WPDES") permits to federal facilities. You ask whether a federal agency or an officer, agent or employe thereof is a "person" within the meaning of secs. 147.02 (1) and 147.015 (1), Stats.
I am of the opinion that the Department does have the authority under state law to issue WPDES permits to federal facilities. I am further of the opinion that a federal agency, or any officer, agent or employe thereof, responsible for the discharge of any pollutant into any waters of this state, is a "person" within the meaning of sec. 147.02 (1), Stats.
Section 147.02 (1), Stats., provides in pertinent part:
 The discharge of any pollutant into any waters of the state or the disposal of sludge from a treatment work by any person shall be unlawful unless such discharge or disposal is done under a permit issued by the department.
Section 147.015 (1), Stats., defines "person" in the following manner:
 "Person" for purposes of this chapter and ch. 144 means an individual, owner or operator, corporation, partnership, association, municipality, interstate agency or state agency.
"[O]wner or operator" is defined by sec. 147.015 (17), Stats., to include "any person owning or operating a point source of pollution."
To the extent that a federal facility constitutes a point source of pollution, the federal agency, officer, agent or employe responsible for the operation of that federal facility is an "owner or operator" within the meaning of secs. 147.015 (1) and (17), Stats., and therefore a "person" within the meaning of sec. 147.02 (1), Stats. And since sec. 147.02, Stats., grants the Department the authority to issue a WPDES permit to any "person" discharging water pollutants, the conclusion follows that the Department has the authority under state law to issue WPDES permits to federal facilities.
I agree with you that federal agencies, officers, agents and employes are no longer immune from the exercise of the Department's permit-issuing authority under the doctrine of federal supremacy. As recently as two years ago, this was not the case. In 1976, the United States Supreme Court held that while federal installations discharging water pollutants were obliged under the *Page 54 
Federal Water Pollution Control Act Amendments of 1972 to comply to the same extent as non-governmental facilities with state requirements respecting the control and abatement of water pollution, obtaining a permit from the state was not among those requirements. EPA v. California State Water Resources ControlBoard, 426 U.S. 200 (1976). The decision of the Court centered around the familiar principle of federal constitutional law that federal installations are subject to state regulation only when and to the extent that the requisite Congressional authorization is clear and unambiguous. The relevant Congressional authorization before the Court was sec. 313 of the Federal Water Pollution Control Act Amendments of 1972, which provided:
 Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants shall comply with Federal, State, interstate, and local requirements respecting control and abatement of pollution to the same extent that any person is subject to such requirements, including the payment of reasonable service charges.
33 U.S.C. sec. 1323 (Supp. IV).
The Court determined that this language did not subject federal facilities to state permit requirements with the necessary degree of clarity, and invited the Congress to draw up clearer language if it was Congress's intent to subject federal facilities to state permit requirements. 426 U.S. at 227-228.
The Congress accepted the Court's invitation in enacting the Clean Water Act Amendments of 1977, P.L. 95-217. Section 313 (a) of the 1977 Amendments, 33 U.S.C. sec. 1323, provides in pertinent part:
 Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with all Federal, State, interstate, *Page 55 
and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable services charges. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law.
In my opinion, this language is a clear and unambiguous statement of the intent of Congress to subject federal facilities to state permit requirements such as the WPDES permit requirement of your Department.
BCL:SBW